

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- x
                                 :
UNITED STATES OF AMERICA         :     CONSENT PRELIMINARY
                                 :     ORDER OF FORFEITURE
         - v. -                  :     AS TO SPECIFIC PROPERTY/
                                 :     MONEY JUDGMENT
                                 :
LISA BERSHAN,                    :
                                 :     S1 17 Cr. 638 (JSR)
         Defendant.              :
                                 :
-------------------------------- x

    WHEREAS, on or about December 18, 2018, LISA BERSHAN (the "Defendant"), was charged in a nine-count Superseding Information S1 17 Cr. 638 (JSR) (the "Information") with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1343 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A and 2 (Count Three); conspiracy to commit securities fraud and wire fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 18, United States Code, Section 1343 (Count Four); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff (Count Five); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Six); money laundering, in violation of Title 18, United States Code, Sections 1956 and 2 (Count Seven); conspiracy to distribute and possess with intent to distribute cocaine, in violation of Title 21, United States Code, Section 846 (Count Eight); and illegally transferring a firearm to an out-of-state resident, in violation of Title 18, United States Code, Sections 922(a)(5), 924(a)(1)(D) and 2 (Count Nine);

    WHEREAS, the Information included a forfeiture allegation as to Counts One, Two, Four, Five, and Six, seeking forfeiture to the United States, pursuant to Title 18, United

States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One, Two, Four, Five, and Six of the Information, and any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, Four, Five, and Six of the Information, including but not limited to a sum of money in United States currency represent the amount of proceeds traceable to the commission of the offenses charged in Counts One, Two, Four, Five, and Six of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Seven, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982, of any and all property, real and personal, involved in the offense charged in Count Seven of the Information, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Seven of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Nine, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461, of any firearm and ammunition involved in and used in the offense alleged in Count Nine of the Information, including a Smith & Wesson Bodyguard .380 ACP hand gun with serial number KDX5334;

WHEREAS, on or about December 18, 2018, the Defendant pled guilty to Counts One through Nine of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One, Two, Four, Five, and Six of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461, any and all property,

real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, Four, Five, and Six, including but not limited to a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses charged in Counts One, Two, Four, Five, and Six of the Information;

WHEREAS, the Defendant also admitted the forfeiture allegation with respect to Count Seven of the Information, and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in the offense charged in Count Seven of the Information and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Seven of the Information;

WHEREAS, the Defendant also admitted the forfeiture allegation with respect to Count Nine of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461, any firearm and ammunition involved in and used in the offense charged in Count Nine of the Information, including (i) one Smith & Wesson Bodyguard .380 ACP hand gun with serial number KDX5334 and (ii) twenty SIG Sauer .380 Automatic Colt Pistol 90 Grade Jacket Hollow Point bullets (collectively, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,926,702.54 in United States currency consisting of (i) $576,071 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, of which the defendant is jointly and severally liable with co-defendant Joel Margulies in the amount of $18,545 in United States currency to the extent a forfeiture money judgment is entered against Margulies in this case; (ii)

$2,350,631.54 in United States currency representing the amount of proceeds traceable to Counts Four, Five and Six that the Defendant personally obtained, for which the defendant is jointly and severally liable with co-defendant Barry Schwartz to the extent a forfeiture money judgment is entered against Schwartz in this case and of which $90,438 in United States currency the defendant is jointly and severally liable with co-defendant Joel Margulies to the extent a forfeiture money judgment is entered against Margulies in this case; and (iii) $285,232.64 in United States currency representing the property involved in the offense charged in Count Seven of the Indictment, which also constitutes proceeds of Counts One, Two, Four, Five, and Six.

WHEREAS, the Defendant further consents to the forfeiture of all of her right, title and interest in the Specific Property, as firearm and ammunition involved in and used in the offense charged in Count Nine of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two, Four, Five, Six, and property involved in the offense charged in Count Seven and Nine of the Information cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States

Attorneys Christine Magdo and Negar Tekeei of counsel, and the Defendant, and her counsel, Christopher Madiou, Esq., that:

1. As a result of the offenses charged in Counts One, Two, Four, Five, Six and Seven of the Indictment, of which the Defendant pled guilty, a money judgment in the amount of $2,926,702.54 in United States currency (the "Money Judgment") consisting of (i) $576,071 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, of which the defendant is jointly and severally liable with co-defendant Joel Margulies in the amount of $18,545 in United States currency to the extent a forfeiture money judgment is entered against Margulies in this case; (ii) $2,350,631.54 in United States currency representing the amount of proceeds traceable to Counts Four, Five and Six that the Defendant personally obtained for which the defendant is jointly and severally liable with co-defendant Barry Schwartz to the extent a forfeiture money judgment is entered against Schwartz in this case and of which $90,438 in United States currency the defendant is jointly and severally liable with co-defendant Joel Margulies to the extent a forfeiture money judgment is entered against Margulies in this case; and (iii) 285,232.64 in United States currency representing the property involved in the offense charged in Count Seven of the Indictment, which also constitutes proceeds of Counts One, Two, Four, Five, and Six.

2. As a result of the offense charged in Count Nine of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, LISA BERSHAN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's charged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

12. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

13. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering & Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, NY 10007.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____  11/22/2019
Christine Magdo/Negar Tekeei          DATE
Assistant United States Attorneys
One Saint Andrews Plaza
New York, NY 10007
(212) 637-2297/2482

LISA BERSHAN

By: _____  11/22/19
LISA BERSHAN                          DATE

By: _____  11/22/19
Christopher Madiou, Esq.              DATE
Attorney for Defendant

SO ORDERED:

_____  11/22/19
HONORABLE JED S. RAKOFF             DATE
UNITED STATES DISTRICT JUDGE